IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM RUSSIA ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| INFORM CENTRE ) | |

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged abuse of authority.

EVIDENCE SOUGHT:

The Russian authorities seek information about a company that may reside in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

>     (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the

testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in Russia and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id*.

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney

BY: _____
       David L. Hall
       Assistant U.S. Attorney
       1007 N. Orange Street
       Wilmington, DE   19801
       (302) 573-6277

Dated: 2 JUNE 08

The translation from Russian into English
Перевод с русского языка на английский язык

To the competent authorities of
the United States of America

## COMMISSION
to render legal assistance

Vladimir                                                                                          December 3, 2007

Criminal case No. 2258, commenced pursuant to signs of corpus delicti envisaged in Part 1 of Article 201 of the Criminal Code of the Russian Federation is in investigative procedure of the Investigative Department of the Investigative Administration at the Vladimir Region Internal Affairs Directorate.

The crime was perpetrated under the following circumstances:

During the period from January to June, 2006 the Administration of the Federal State Unitary Enterprise (FGUP) All-Russian Scientific Research Institute for Mineral Raw Material Synthesis (VNIISIMS), (Institutskaya ul., Alexandrov) in defiance of the procedure stipulated in RF Federal Law No. 161-ФЗ "On State and Municipal Unitary Enterprises" without agreement with an authorized body, presenting the interestsof property owner, Territorial Administration of the Federal Agency on federal property management in the Vladimir Region received from Closed Joint Stock Company (ZAO) "InformCentre", registered in Moscow, an interest-free loan in the form of bills of the abovementioned company in the amount of 65,880,000.00 Rub.

These bills were used as advance payment for the equipment to be delivered under Contract No.S-0018, concluded on February 15, 2006, with FERBANE GLOBAL LLC (19806, the United States of America, Delaware, district New Castle, Wilmington, Delaware Avenue, 1308) represented by Edward Petre-Mears.

Negotiations concerning this Contract were carried out via e-mail, with FERBANE GLOBAL LLC representatives using e-mail address: ferbane_global@yahoo.com

According to Contract No. S-0018 dated February 15, 2006, FERBANE GLOBAL LLC was to deliver equipment to FGUP "VNIISIMS" within 12 months from the date of transfer of bills, i.e. up to April 14, 2007. However, the specified property has not been delivered until the present.

As a result of making of Contract, debt of FGUP "VNIISIMS" to ZAO "InformCentre" is over 50% of the total bills payable of the said unitary enterprise. Within the frames of the

Official Seal: Investigative Administration at the Vladimir Region Internal Affairs Directorate
    Ministry of Internal Affairs of the Russian Federation
Investigator <Signature> V.V. Klimov

bankruptcy procedure of FGUP "VNIISIMS", ZAO "InformCentre" was included into the Register of Competitive Creditors and having the majority vote in the board of creditors actually managed (controlled) the unitary enterprise.

In criminal case records there are documents pursuant to which in September 2007, the representatives of FERBANE GLOBAL LLC returned bills in the sum of 65,880,00.00 rubles to a representative of FGUP "VNIISIMS". At the same time these bills were returned to bill gaver, i.e. ZAO "InformCentre". But the fact was not registered in accounting of FGUP "VNIISIMS". ZAO "InformCentre" was not removed from the Creditors Register.

During the year of 2007, ZAO "InformCentre" having the majority vote in the board of creditors controlled over the company contrary to the legitimate interests of the unitary institution and with the purpose of deriving benefits for ZAO "Inform Centre".

The FGUP "VNIISIMS" management's use of its powers contrary to the legitimate interests of FGUP "VNIISIMS" caused damage to this country at the rate of 65,880,000 rubles.

On October 12, 2007 Criminal Case No. 2258 was initiated by the Investigative Department of the Investigative Administration at the Vladimir Region Internal Affairs Directorate based on the indicia of crime specified in Part 1, Article 201 of the Criminal Code of the Russian Federation.

In the interests of investigation it is necessary to examine the activities of FERBANE GLOBAL LLC, a company, registered in the territory of the United States of America: FERBANE GLOBAL LLC, 1308 Delaware Avenue, Willmington, New Castle Dictrict, Delaware19806, USA.

According to Agreement, dated June 17, 1999, between the Russian Federation and the United States of America concerning mutual legal assistance in criminal cases and pursuant to Articles 453, 454 of the Criminal Procedure Code of the Russian Federation

I APPLY

1. To prove by documents the fact of locality in the territory of the United States of America of the following company: FERBANE GLOBAL LLC, 1308 Delaware Avenue, Willmington, New Castle Dictrict, Delaware19806, USA.

2. To receive in competitive authorities of State Delaware notarized copies of the documents proving the fact of registration of FERBANE GLOBAL LLC, copies of constituent and statutory documents of the company, copies of the documents containing information on promoters,

Official Seal: Investigative Administration at the Vladimir Region Internal Affairs Directorate
          Ministry of Internal Affairs of the Russian Federation
Investigator <Signature> V.V. Klimov

managers, representatives of the company (Warrant to Seizure is attached).

3. To receive in the organization providing Web-site yahoo.com, documents containing information of ownership of e-mail box ferbane_global@yahoo.com, IP addresses, which were used by this e-mail box authorized users, including information about the territories where these addresses were fixed. (The court decision for the seizure is attached.)

4. To interrogate FERBANE GLOBAL LLC company promoters, managers, representatives as witnesses, regarding:

- who the promoters, managers, representatives of this company are;

- the de facto address of the company;

- whether Edward Petre-Mears have any relation to the company activities, his title, powers, what kind of documents prove his powers, whether he is authorized to affix his signature to external economic contracts, whether he works at present, whether it is possible to communicate with him, and if yes, how;

- what the activity status of FERBANE GLOBAL LLC is;

- whether FERBANE GLOBAL LLC is engaged in supply of the following equipment: MOCVD reactor SATURN-2/20, manufactured by EMF Company (Great Britain), modified for use zinc oxide and designed for growth of homoepitaxial zinc oxide films;

- whether there are contacts with business circles in the Russian Federation;

- whether the company has any business relations with Self-regulatory organization "National Guild of Court-Appointed Managers", 18 Lestieva ul., Moscow;

- who the representatives of the company in the territory of the Russian Federation are;

- whether the e-mail box ferbane_global@yahoo.com is used by the company;

- whether Contract No. S-0018 of February 15, 2007 was concluded between FERBANE GLOBAL LLC and FGUP "VNIISIMS";

- how the payment under the Contract was effected, what kind of documents were drawn (to adjoin the appropriate copies to the transcript of interrogation);

- whether the Contract is valid at present; in case if the Contract was terminated, then how and why;

I suggest that in the course of the interrogation the witnesses testify their evidence by certified copies of the corresponding documents.

5. To receive from representatives of FERBANE GLOBAL LLC the certified copies of the following documents:

Official Seal: Investigative Administration at the Vladimir Region Internal Affairs Directorate
      Ministry of Internal Affairs of the Russian Federation
Investigator <Signature> V.V. Klimov

- constituent and statutory documents, documents containing information on promoters, managers representatives of the company, as well as the extent of their powers;

- documents containing information on whether the MOCVD reactor SATURN-2/20, manufactured by EMF Company (Great Britain), modified for use zinc oxide and designed for growth of homoepitaxial zinc oxide films, was displayed for sale;

- documents containing information concerning the use of e-mail box ferbane_global@yahoo.com;

- Supply Contract No. S-0018 of February 15, 2007 concluded between FERBANE GLOBAL LLC and FGUP "VNIISIMS", payment documents according to this Contract.

6. To interrogate Edward Petre-Mears, President of FERBANE GLOBAL LLC, as a witness:

- what relation does he have to FERBANE GLOBAL LLC activities?

- was Supply Contract No. S-0018 of February 15, 2007, concluded between FERBANE GLOBAL LLC and FGUP "VNIISIMS"?

- how were the negotiations with representatives of FGUP "VNIISIMS" conducted?

- in what way was the payment under the Contract effected and what kind of documents was drawin up herewith?

- is the Contract valid at present, in case if the Contract was terminated, then how and why?

I suggest that in the course of the interrogation the witness testify his evidence by certified copies of the corresponding documents.

If it does not contradict to the legislation of the United States of America, I apply to observe the provisions of the Criminal Procedure Legislation of the Russian Federation (attached to this Commission) in the course of interrogations, explain to the witnesses the provisions of Article 56 of the Criminal Procedure Code of the Russian Federation, and warn the witnesses of their responsibilities for giving false evidence deliberately and for waiver of giving evidence, if these legal norms exist in the legislation of the United States of America.

The results of interrogation of witnesses are to be registered in the form of transcripts of interrogation and signed by interrogatees and interrogators. In case if a witness refuses to sing the transcript of interrogation it is necessary to indicate reasons.

The results of the executed commission are to be sent to the Investigative Committee at the Ministry of Internal Affairs of the Russian Federation, 6 Gazetny pereulok, Moscow 125009,

Official Seal: Investigative Administration at the Vladimir Region Internal Affairs Directorate
    Ministry of Internal Affairs of the Russian Federation
Investigator <Signature> V.V. Klimov

referring to Criminal Case No. 2258 which is under investigation in the Investigative Department of the Investigative Administration at the Vladimir Region Internal Affairs Directorate.

In case of delay in execution of the Commission as well as in case of partial or complete refusal to render the legal assistance, please, inform the competent authorities of the Russian Federation immdiately.

The Investigative Administration at the Vladimir Region Internal Affairs Directorate of the Russian Federation guarantees that any information and documents obtained in the course of execution of this Commission will be used only for the purpose of the criminal case investigation, proofs collection and for hearing in court and shall not be used for other purposes.

We shall be very grateful for any assistance you can give us in this matter, and we are always ready to render legal assistance under the abovementioned Agreement between the Russian Federation and the United States of America.

Telephones for contact: 8 (4922) 37-44-43, 37-46-93, 32-44-76, fax: 8 (4922) 37-46-06.

Enclosures: 1. Extract from the Criminal Code of the Russian Federation, 2 pages;

2. Extract from the Criminal Procedure Code of the Russian Federation, total 7 pages;

3. Delivery Contract No.S-0018, dated February 15, 2006 between FEBANE GLOBAL LLC and FGUP "VNIISIMS", 10 pages (copy)

4. Reports on Transfer and Acceptance of Bills between FEBANE GLOBAL LLC and FGUP "VNIISIMS" dated April 14, 2006 and September 27, 2006, 4 pages (copies);

5. Warrant to seizure in FEBANE GLOBAL LLC, 2 pages;

6. Warrant to seizure in the competent authorities of the United States of America, 2 pages;

7. Warrant to control and recording of telephone conversations and other talks concerning e-mail box: ferbane_global@yahoo.com, 2 pages.

8. Information containing Yahoo!Inc. address, 2 pages

Investigator for particularly important cases in the Investigative
Department of the Investigative Administration at the Vladimir
Region Internal Affairs Directorate
Major of Justice                                              <Signature> V. V. Klimov

Official Seal: Investigative Administration at the Vladimir Region Internal Affairs Directorate
    Ministry of Internal Affairs of the Russian Federation
Investigator <Signature> V.V. Klimov

The translation from the Russian language into the English language has been performed by translator Olga A. Zhigareva
Перевод с русского языка на английский язык выполнил переводчик Жигарева Ольга Александровна

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM RUSSIA ) | |
| IN THE MATTER OF ) | Misc No. 08- |
| INFORM CENTRE ) | |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or provided by the Russian authorities;

   4. seek such further orders of this Court as may be necessary to execute this request; and

   5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

   IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

   Dated: This _____ day of _____, 2008.


            _____
            United States District Court Judge